# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICHARD NEAL PECK,** *individually and* )
*on behalf of all similarly situated persons***,** )
)
**Plaintiff,** )
) **Case No. 19-CV-383-SMY**
**vs.** )
)
**SOUTHERN ILLINOIS HOSPITAL** )
**SERVICES and CLAIMASSIST, LLC,** )
)
**Defendants.** )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now pending before the Court is Plaintiff Richard Neal Peck's Motion to Remand (Doc.

17), Defendant ClaimAssist, LLC's response (Doc. 20), and Defendant Southern Illinois Hospital

Services' ("SIH") response (Doc. 23). For the following reasons, the motion is **DENIED**.

Plaintiff originally filed this purported class action against Defendants ClaimAssist and

SIH in the Jackson County, Illinois Circuit Court seeking a declaratory judgment that they

wrongfully filed liens to recover medical costs that are compensable through Medicare (Doc. 1-1).

On September 28, 2017, Peck received medical care at SIH's Herrin Hospital while he was a

Medicare beneficiary. He alleges SIH did not submit the charges to Medicare for reimbursement

but instead, pursuant to Illinois' Health Care Services Lien Act, 705 Ill. Comp. Stat. § 220/1,

ClaimAssist filed a lien in a personal injury action that he filed thereafter. He further alleges the

amount of the lien was greater than what SIH could recover from Medicare pursuant to the binding

payment schedules promulgated by Center for Medicare and Medicaid Services in furtherance of

the Social Security Act. Peck claims that by filing the lien, ClaimAssist engaged in the

unauthorized practice of law in violation of Illinois state law. Defendants removed the case to this court, asserting that Peck's claims raise a federal question and rely on interpretations of the Social Security Act and federal regulations.

"Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statute is construed narrowly, and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2s 908, 911 (7th Cir.1993). The party seeking removal has the burden of establishing jurisdiction of the district court. *See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir.1997). "A defendant meets this burden by supporting allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997) (citations omitted). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That said, a defendant cannot remove a case to federal court by simply asserting a federal question in the responsive pleading. *Rice v. Panchal,* 65 F.3d 637, 639 (7th Cir.1995). The issues raised in the plaintiff's Complaint, not those added in the defendant's response, control the litigation. *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1486 (7th Cir.1996). In determining whether an action was properly removed, the Court examines the plaintiff's Complaint as it existed at the time the defendants filed their Notice of Removal. *See Shannon v. Shannon,* 965 F.2d 542, 545 (7th Cir.1992).

While Peck's Complaint cites to Illinois state law only, his claim that Defendants wrongfully placed a lien on his civil lawsuit is grounded in federal law. To prevail on his claim, he would need to show when and how payments are required by the Social Security act, in particular, the Medicare Secondary Payer provisions of that act. 42 U.S.C. §1395y. He would then need to establish how federal regulations require reimbursement, either from the provider or from a liable party. And, while Plaintiff cites to Illinois' Health Care Services Lien Act and asserts a nominal claim for the unauthorized practice of law, the crux of his claim is that federal law requires Defendants to seek reimbursement from Medicare, in the amount it dictates, prior to or in lieu of filing a lien in a civil lawsuit. Thus, Plaintiff's Complaint raises a federal question and this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

Accordingly, Plaintiff's Motion to Remand (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

**DATE: March 16, 2020**

**STACI M. YANDLE**
**United States District Judge**